UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE LAMAR MCRAE, | No. 2:25-cv-1010 CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. SHULTZE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that plaintiff may proceed on a claim against defendant Deoccura in his individual capacity arising under the Eighth Amendment. Plaintiff has two options: (1) proceed on the claim identified above; or (2) seek leave to file an amended complaint in an attempt to cure deficiencies with respect to other claims.

In deciding whether to file an amended complaint, plaintiff should consider the following:

1. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). In order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

2. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). There is no vicarious liability in a § 1983 action.

3. Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to (1) proceed on a claim against defendant Deoccura in his individual capacity arising under the Eighth Amendment and voluntarily dismiss all other claims or (2) file an amended complaint in an attempt to cure the deficiencies in his complaint with respect to his other claims. If plaintiff does not return the form, this action will proceed on the claim described above and the court will recommend all other claims and defendants be dismissed.

Dated: August 29, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mcra1010.op

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE LAMAR MCRAE,<br><br>             Plaintiff,<br><br>      v.<br><br>J. SHULTZE, et al.,<br><br>             Defendants. | No.  2:25-cv-1010 CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check **one**:


\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim against defendant Deoccura in his individual capacity arising under the Eighth Amendment and voluntarily dismiss all other claims.

**OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

_____<br>Plaintiff

4